**Julio ALVARADO, individually and as class representative v., Plaintiff—Appellant,**

v.

**William J. BRATTON; et al., Defendants—Appellees.**

No. 07–55907.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 23, 2008.

Filed Nov. 6, 2008.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Donald W. Cook, Esq., Mann & Cook, Los Angeles, CA, for Plaintiff–Appellant.

Paul B. Beach, Esq., Franscell Strickland, et al., Glendale, CA, Surekha A. Pessis, Los Angeles City Attorney's Office, Los Angeles, CA, for Defendants–Appellees.

Before: W. FLETCHER and PAEZ, Circuit Judges, and DUFFY,* District Judge.

## MEMORANDUM **

Julio Alvarado appeals the district court's order dismissing his action under § 1983 against the City of Los Angeles, the County of Los Angeles, and several County officials (collectively "Defendants") for failure to state a claim upon which relief can be granted. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse and remand.

Dismissal for failure to state a claim is reviewed de novo. *Corrie v. Caterpillar, Inc.*, 503 F.3d 974, 979 (9th Cir.2007).

* The Honorable Kevin Thomas Duffy, Senior United States District Judge for the Southern District of New York, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

"Dismissal for failure to state a claim is appropriate only if it appears beyond doubt that the non-moving party can prove no set of facts in support of his claim which would entitle him to relief." *Vasquez v. Los Angeles County,* 487 F.3d 1246, 1249 (9th Cir.2007) (internal quotation and brackets omitted). In evaluating whether the complaint states a claim upon which relief can be granted, "[a]ll factual allegations" therein "are taken as true and construed in the light most favorable to plaintiffs." *Lee v. City of Los Angeles,* 250 F.3d 668, 679 (9th Cir.2001) (internal quotation and brackets omitted).

To state a § 1983 claim against Defendants, Alvarado must sufficiently allege: (1) that he was deprived of a constitutional right; (2) that Defendants have customs or policies that evince a "deliberate indifference" to Alvarado's rights; and (3) that these policies were the "moving force behind the constitutional violation." *Lee,* 250 F.3d at 681–82 (quoting *Oviatt v. Pearce,* 954 F.2d 1470, 1473, 1477 (9th Cir.1992)).

## I. Constitutional Deprivation

■ The district court erred in concluding that Alvarado's claim that his due process rights were violated when he was wrongfully detained was foreclosed by the Supreme Court's decision in *Baker v. McCollan,* 443 U.S. 137, 140, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979), and *Erdman v. Cochise County,* 926 F.2d 877 (9th Cir. 1991). *Baker* established that when a person is arrested due to mistaken identity, "depending on what procedures the State affords defendants following arrest and prior to actual trial, ... detention pursuant to a valid warrant but in the face of repeated protests of innocence" may "after the lapse of a certain amount of time deprive the accused of 'liberty ... without due process of law.'" *Baker,* 443 U.S. at 145, 99 S.Ct. 2689. The Court ultimately held that "a detention of three days over a New Year's weekend does not and could not amount to such a deprivation." *Id. Erdman* applied *Baker* in holding that a plaintiff's wrongful detention of three days did not amount to a constitutional deprivation. 926 F.2d at 882.

We have been reluctant, however, to read *Baker* as creating a bright-line rule regarding the length of detention. In *Lee,* we rejected the defendants' argument that plaintiff's claim "must fail at the pleading stage because he was incarcerated for only one day before his extradition hearing." 250 F.3d at 684.

Alvarado's complaint alleges facts similar to those in *Lee* and *Fairley v. Luman,* 281 F.3d 913 (9th Cir.2002). In both cases, we held that plaintiffs had adequately alleged constitutional violations when they were arrested and detained pursuant to facially valid warrants for other people, and the police failed to check their identities through fingerprint comparisons or other simple identification procedures that would have revealed the mistake. *Lee,* 250 F.3d at 684–85; *Fairley,* 281 F.3d at 917–18.

Applying *Lee* and *Fairley* here, Alvarado's complaint states an actionable due process violation.[1] Alvarado alleges that he was arrested due to mistaken identification and detained because Defendants failed to perform simple identification checks that would have immediately made clear that he was not the person wanted.

---

1. Alvarado sufficiently alleges constitutional violations by both the City and County defendants because he alleges, and the County concedes, that the City and County jails worked cooperatively and possessed the same information about the identities of Alvarado and the warrant's true subject. Further, although the County argued in its appellate brief that it was entitled, as a matter of law, to rely on the City police's representation that Alvarado was the subject of the warrant, the authority it cites does not support that proposition.

And just as in *Fairley*, Alvarado alleges that he repeatedly told the police that he was not the subject of the warrant. These allegations make his claim comparable to the successful claim in *Fairley*. Alvarado additionally alleges that Defendants have identification technology that makes misidentifications even easier to catch, but that they refuse to use it despite "routinely" arresting and detaining the wrong people because of the similarity of their names. These allegations suggest that the "risk of deprivation" of liberty is even more pronounced, and the "burden to the [Defendants] of instituting readily available procedures for decreasing the risk of erroneous detention" less onerous, than in *Fairley*, 281 F.3d at 918.

## II. Municipal Liability

■ To prevail on his due process claim, Alvarado must sufficiently allege that Defendants have customs or policies that evince a "deliberate indifference" to constitutional rights, and that these policies were the "moving force behind the constitutional violation." *Lee*, 250 F.3d at 681–82. "In this circuit, a claim of municipal liability under section 1983 is sufficient to withstand a motion to dismiss even if the claim is based on nothing more than a bare allegation that the individual officers' conduct conformed to official policy, custom, or practice." *Id.* at 682–83 (quoting *Karim–Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 624 (9th Cir.1988)). Alvarado easily satisfies this minimal burden by alleging that the failure to check his identity at the police station and the jail were pursuant to official policy or custom, and that Defendants maintain such policies despite the frequency of mistaken identity arrests and their possession of technology

that would make it possible to recognize identity mistakes within minutes.

REVERSED and REMANDED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.